UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RAY THOMAS,

    Plaintiff,                                Civil No. 2:17-cv-13756
v.                                                     Hon. Victoria A. Roberts

STATE OF MICHIGAN,

    Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Michael Ray Thomas, a state inmate incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se civil complaint. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

**I. BACKGROUND**

According to the Michigan Department of Corrections website, Plaintiff is incarcerated as a result of several convictions and sentences imposed by the Macomb County Circuit Court, the most serious of which is his 2015 conviction for using a computer to commit possession of child sexually abusive material, contrary to MICH. COMP. LAWS § 750.145d.[1]

---

[1] Pursuant to FED. R. EVID. 201(c), the Court may take judicial notice of the information provided on the Michigan Department of Corrections website. See *Daly v. Burt*, 613 F. Supp. 2d 916, 920 n.2 (E.D. Mich. 2009); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004).

The complaint names "The People of the State of Michigan" as defendant. The complaint alleges that the statute for which Petitioner was convicted violates an accused's First Amendment free speech rights. Plaintiff seeks a judgment declaring the statute unconstitutional. He also asks that the ruling be made retroactive "to allow reversal of any Michigan conviction brought under 750.145d." Dkt. 1, at 10.

## II. STANDARD

A civil complaint filed by a pro se prisoner is subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. DISCUSSION

This civil action seeks to invalidate a Michigan penal statute on the grounds that it is unconstitutional, paving the way for reversal of his state conviction. In *Heck v. Humphrey*,

2

512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973).

Nevertheless, the Court cannot convert this matter into a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to re-file it as a petition for writ of habeas corpus. *Id.* Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

## IV. CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** pursuant to Fed.R.Civ.P. 12(b)(1).

The Court further find that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962). Leave to file an appeal in forma pauperis is therefore also **DENIED**.

**SO ORDERED.**

                                                                S/Victoria A. Roberts
                                                                Victoria A. Roberts
                                                                United States District Court

Dated: December 19, 2017