UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RAY THOMAS,

                     Petitioner,                 Case No. 2:17-cv-13756
                                             Honorable Victoria A. Roberts

v.

STATE OF MICHIGAN,

                     Respondent.

_____/

**OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT
[DKT. 6]**

Plaintiff Michael Ray Thomas, a state inmate incarcerated at the Saginaw Correctional

Facility in Freeland, Michigan, filed a pro se civil complaint. The Court summarily dismissed the

case, finding that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994),

because success in this action would necessarily imply the invalidity of Plaintiff's conviction. Dkt.

4.

Before the Court is Plaintiff's motion to alter or amend the judgment. Dkt. 6. For the reasons

stated below, the motion is denied.

I. Background

Plaintiff filed the complaint without paying the filing fee or an application for leave to

proceed in forma pauperis. The Court issued an order regarding the filing deficiency, and Plaintiff

responded by paing the full $400.00 filing fee. Dkt. 3. The complaint states that the Court has

jurisdiction under 28 U.S.C. § 1331 and that the action is being brought under Federal Rule of Civil

Procedure 5.1. Dkt. 1, at iv, 1. The complaint concerns Michigan Compiled Law § 750.145d(1)(a),

which criminalizes the use of the internet or a computer system for the purpose of committing,

attempting to commit, conspiring to commit, or soliciting another person to commit a list of proscribed offenses. See generally, *People v. Cervi*, 270 Mich. App. 603 (2006). The complaint asserts that this statute violates an accused's First Amendment rights, his right to due process under the Fifth and Fourteenth Amendments, and his Sixth Amendment jury trial rights. Id. at 2-8.

Though Plaintiff was convicted under this section, he says he "is not utilizing this action as a collateral attack on his own conviction under MCL 750.145d . . . [but] for clarity purposes he will be using the exact wording from the felony complaint in his case to demonstrate how the unconstitutional construction of the statute allows for the violation of an accused's rights." Id. at 2. The complaint seeks a declaratory judgment that the statute is unconstitutional, and asks for the Court "to apply this ruling retroactively and to allow for the reversal of any Michigan conviction brought under MCL 750.145d. . . ." Id. at 10.

The Court discerns several claims in Plaintiff's motion to alter or amend the judgment. Plaintiff states that the Court erroneously subjected the case to screening because he paid the entire filing fee. He also asserts that the Court incorrectly characterized his conviction under § 750.145d as one for using a computer to commit possession of child sexually abusive material. He further notes the Court listed the Defendant as "The People of the State of Michigan," instead of "The State of Michigan." Finally, and primarily, Plaintiff argues that his action is not brought under 28 U.S.C. § 1983, but under § 1331 and Federal Rule of Civil Procedure 5.1, and therefore it is not subject to *Heck*.

## II. Discussion

A motion brought under Rule 59(e) may be properly analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547,

550 (E.D. Mich. 1999). Rule 7.1(h) requires the movant to demonstrate a palpable defect by which the Court and the parties have been misled and show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

None of Plaintiff's arguments merits relief. First the fact that Plaintiff paid the full filing fee and is not proceeding in forma pauperis did not immunize his complaint from screening.  Under 42 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," a court may dismiss a case brought by a prisoner if it finds that the action fails to state a claim upon which may be granted. Moreover, the Court has authority to dismiss a civil action brought by a prisoner if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." Plaintiff's first argument is without merit.

Plaintiff next argues that the Court mischaracterized his conviction. The Michigan Court of Appeals characterized Plaintiff's conviction as the "unlawful use of the Internet to solicit child sexually abusive activity, MCL 750.145d." *People v. Thomas*, 2017 Mich. App. LEXIS 766, *1, 2017 WL 1967475 (Mich. Ct. App. May 11, 2017). The Court discerns no substantial error in the characterization of Plaintiff's offense as "possession of child sexually abusive material" instead of solicitation to do the same. The error does not require a different disposition.

Plaintiff next argues that the Court erroneously listed the Defendant as "The People of the State of Michigan" rather than "The State of Michigan." Plaintiff is correct that the complaint names "The State of Michigan" as the Defendant. Again,  this error does not change the fact that the claims made in the complaint are barred by *Heck*.

Plaintiff next asserts that the action was not subject to dismissal under *Heck* because he is

not attempting to invalidate his own conviction, but that "Plaintiff's entire motive for bringing this action was to prevent others from being wrongfully convicted of violating an unconstitutional statute. The Plaintiff simply used the verbiage from his own case to demonstrate how the statute allows for an overbreadth of convictions in more than hypothetical instances." Dkt. 6 at 4. Regardless of Plaintiff's motive, the complaint plainly states that it seeks a retroactively applicable ruling that § 750.145d is unconstitutional so as to "allow for the reversal of *any* Michigan conviction brought under MCL 750.145d. . . ." Dkt. 1 at 10 (emphasis added). A judgment in Plaintiff's favor would therefore "necessarily imply the invalidity of [Plaintiff's] conviction or sentence," *Heck*, 512 U.S. at 486-87, whether or not he altruistically seeks to exclude his own § 750.145d conviction from the case.

Finally, Plaintiff asserts that because the action was brought under Federal Rule of Civil Procedure Rule 5.1 and 28 U.S.C. § 1331, and not 42 U.S.C. § 1983, his claims cannot be barred by *Heck*. Rule 5.1 concerns the notification of the Attorney General when a party files a "pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute. . . ." The rule does not provide an alternative basis for commencing an action. Nevertheless, under *Heck*, any civil action, regardless of the relief sought, is barred if it necessarily implies the invalidity of a criminal conviction. 512 U.S. at 486-87. As stated, Plaintiff's claims necessarily imply the invalidity of his conviction. It matters not what form of civil action Plaintiff seeks to characterize his complaint; the *Heck* bar applies to *any* cause of action that, if successful, would necessarily demonstrate the invalidity of the plaintiff's conviction or sentence. See *Swan v. Barbardoro*, 520 F.3d 24, 25 (1st Cir. 2008) (*Heck* bar cannot be circumvented by bringing a supposed RICO action); *Case v. Milewski*, 327 F.3d 564, 569 (7th Cir. 2003) (*Heck* applied to *Bivens* action); *Skinner v. U.S.*

*Dept. of Justice*, 584 F.3d 1093, 1099-1100 (D.C. Cir. 2009) (*Heck* applied to civil action brought under Privacy Act); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) (*Heck* applied to action brought under Federal Torts Claims Act).

### III. Conclusion

Plaintiff fails to demonstrate a palpable defect by which the Court has been misled, or that a different disposition of the case must result from a correction thereof. Plaintiff's motion to amend or alter judgment is **DENIED**.


S/Victoria A. Roberts
Honorable Victoria A. Roberts
United States District Judge

Dated: June 13, 2018